IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

TINA HENDRICKSON,

                    Plaintiff,

        v.

MARK NICHOLS, in his individual capacity,

                    Defendant.

Case No.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW plaintiff, by and through her counsel of record, Terry A. Venneberg, and does state and allege by way of this complaint as follows:

*JURISDICTION AND VENUE*

1. This action is brought by plaintiff Tina Hendrickson to remedy violations of civil rights, pursuant to provisions of the Equal Protection Clause of the U.S. Constitution and 42 U.S.C. § 1983.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343 (3) and (4).  Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

COMPLAINT AND DEMAND FOR JURY TRIAL - 1
Case No.

Terry A. Venneberg
Attorney at Law
3425 Harborview Drive
Gig Harbor, Washington  98332
(253) 858-6601

*PARTIES*

3.  Plaintiff Tina Hendrickson (hereinafter "Hendrickson") is a female citizen of the United States over the age of 18 years, a resident of the State of Washington, and is in all respects qualified and competent to bring this action.

4.  At all times pertinent to this action, defendant Mark Nichols (hereinafter "Nichols") has been the Prosecuting Attorney for Clallam County, which is a political subdivision of the State of Washington.  Defendant Nichols is over the age of 18 years, is a male citizen of the United States, and has the capacity to sue and to be sued.

*FACTS*

5.  On or about November 28, 2014, plaintiff Hendrickson became the Manager of the Clallam County Prosecuting Attorney's Office.  In that position, plaintiff Hendrickson was directly supervised by defendant Nichols, who had become the elected Prosecuting Attorney for Clallam County earlier in November 2014.

6.  Beginning in April 2015, defendant Nichols began to engage in sexually harassing conduct towards plaintiff Hendrickson.  Upon learning of difficulties that plaintiff Hendrickson was having in her marriage, defendant Nichols started spending considerable time - from three to six hours per day - in plaintiff Hendrickson's office.  During this time in plaintiff Hendrickson's office, defendant Nichols made romantic and sexual overtures towards plaintiff Hendrickson, regularly telling plaintiff Hendrickson that he was deeply in love with her, that he fantasized about her sexually, that he and his family were wealthy, and that he could take care of her and her children.  On a regular basis, defendant Nichols would not let plaintiff

COMPLAINT AND DEMAND FOR JURY TRIAL - 2
Case No.

Terry A. Venneberg
Attorney at Law
3425 Harborview Drive
Gig Harbor, Washington  98332
(253) 858-6601

Hendrickson leave her office until she had given him a hug. When defendant Nichols was not in plaintiff Hendrickson's office, he would leave her numerous phone messages, and get angry with plaintiff Hendrickson if those messages were not returned.

7. Plaintiff Hendrickson consistently told defendant Nichols that she was not interested in pursuing a romantic or sexual relationship with him, and made clear to defendant Nichols that his romantic and sexual overtures were unwelcome. In spite of it having been made clear that his romantic and sexual overtures were unwelcome, defendant Nichols continued to make such overtures to plaintiff Hendrickson.

8. The frequency and intensity of the sexually harassing conduct engaged in by defendant Nichols towards plaintiff Hendrickson varied over the period from April 2015 to April 2017. Defendant Nichols would increase and then decrease the frequency and intensity of his romantic and sexual overtures on a repeated basis over that time period, making plaintiff Hendrickson believe on numerous occasions that her rejection of those overtures had been effective, only to have defendant Nichols renew those overtures again.

9. In January 2017, after plaintiff Hendrickson had made clear on repeated occasions to defendant Nichols that she was not interested in pursuing a romantic or sexual relationship with him, and that his romantic and sexual overtures were unwelcome, defendant Nichols decided that plaintiff Hendrickson should not receive a raise in her pay, while the other Managers in the Prosecuting Attorney's Office were given raises in their pay. The failure to grant plaintiff Hendrickson a raise in her pay was part of the effort by defendant Nichols to pressure plaintiff Hendrickson to become romantically or sexually involved with him.

COMPLAINT AND DEMAND FOR JURY TRIAL - 3
Case No.

Terry A. Venneberg
Attorney at Law
3425 Harborview Drive
Gig Harbor, Washington 98332
(253) 858-6601

10. In April 2017, after having consistently and repeatedly rejected the romantic and sexual overtures being made by defendant Nichols, plaintiff Hendrickson submitted a complaint to Human Resources for Clallam County concerning the sexually harassing conduct of defendant Nichols.  Clallam County failed to take appropriate remedial action in response to plaintiff Hendrickson's complaint, instead placing her on indefinite unpaid leave for failing to return to the workplace, where she would continue to be exposed to contact with defendant Nichols.

*CAUSE OF ACTION*

Violation of Equal Protection Clause to the U.S. Constitution
and 42 U.S.C. § 1983

11.  Paragraphs 1 through 10 as set out above are incorporated by reference herein.

12.  Under color of state law, defendant Nichols engaged in hostile work environment sexual harassment against plaintiff Hendrickson, thereby violating the Equal Protection Clause of the U.S. Constitution, and 42 U.S.C. § 1983.  Plaintiff Hendrickson was subjected to unwelcome romantic and sexual overtures by defendant Nichols that were sufficiently severe and pervasive to alter the terms and conditions of her employment.  Plaintiff Hendrickson perceived the working environment that she encountered to be hostile, and reasonable women in her circumstances would have considered the working environment that she encountered to be hostile.

13.  Plaintiff Hendrickson had a clearly established constitutional right to be free of sexual harassment motivated by her gender, and this clearly established

COMPLAINT AND DEMAND FOR JURY TRIAL - 4
Case No.

Terry A. Venneberg
Attorney at Law
3425 Harborview Drive
Gig Harbor, Washington  98332
(253) 858-6601

constitutional right was violated by defendant Nichols by his sexually harassing conduct towards plaintiff Hendrickson, as described above.

14.  As a direct and proximate result of the actions and conduct engaged in by defendant Nichols, as described above, plaintiff Hendrickson has incurred damages, in an amount to be proven at trial.

15.  Defendant Nichols is also liable for an assessment of punitive damages, due to his violation of 42 U.S.C. § 1983, and his willful, wanton and reckless conduct in doing so, in an amount to be proven at trial.

WHEREFORE plaintiff Tina Hendrickson prays for the following relief to be granted:

1.  That plaintiff Hendrickson be awarded damages against defendant Nichols in an amount to be proven at trial.

2.  That punitive damages be assessed against defendant Nichols in favor of plaintiff Hendrickson in an amount to be proven at trial.

3.  That plaintiff be awarded costs, interest and attorneys' fees, as provided by applicable law, including, but not limited to, 42 U.S.C. § 1988.

4.  That such and other further relief as this court may deem appropriate be granted.

**PURSUANT TO F.R.C.P. 38, PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

COMPLAINT AND DEMAND FOR JURY TRIAL - 5
Case No.

Terry A. Venneberg
Attorney at Law
3425 Harborview Drive
Gig Harbor, Washington  98332
(253) 858-6601

DATED this 1st day of June, 2017.

                     /s/ Terry A. Venneberg
                      Terry A. Venneberg
                      Attorney for Plaintiff
                      WSBA No. 31348
                      3425 Harborview Drive
                      Gig Harbor, Washington  98332
                      Telephone:  (253) 858-6601
                      Fax: (253) 858-6603
                      E-Mail: terry@washemploymentlaw.com

COMPLAINT AND DEMAND FOR JURY TRIAL - 6
Case No.